MARK B. MIZRAHI (State Bar No. 179384)
  mmizrahi@wrslawyers.com
EDWARD E. WEIMAN (State Bar No. 193290)
  EWeiman@wrslawyers.com
WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
11400 West Olympic Boulevard, 9th Floor
Los Angeles, California 90064-1582
Telephone:   (310) 478-4100
Facsimile:    (310) 479-1422

Attorneys for Plaintiffs
Shea Petranovic and Caroline Vreeland

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Shea Petranovic, an individual; Caroline Vreeland, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> Casetagram Limited DBA Casetify, a Hong Kong limited liability company; and DOES 1-10, <br><br> Defendants. | Case No. <br><br> COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR: <br><br> 1. COPYRIGHT INFRINGEMENT; <br> 2. TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN; <br> 3. CALIFORNIA COMMON TRADEMARK INFRINGEMENT; <br> 4. CALIFORNIA STATUTORY AND COMMON LAW UNFAIR COMPETITION; <br> 5. MISAPPROPRIATION OF RIGHT OF PUBLICITY (CALIFORNIA CIVIL CODE §3344.1); <br> 6. MISAPPROPRIATION OF STATUTORY AND COMMON LAW RIGHT OF PUBLICITY. <br><br> DEMAND FOR JURY TRIAL |

Plaintiffs, Shea Petranovic, an individual (professionally known as "Shea Marie") and Caroline Vreeland, an individual ("Vreeland") (collectively "Plaintiffs") bring this action against defendants for injunctive relief and damages under the laws of the United States and the State of California as follows:

## JURISDICTION AND VENUE

1.      This action arises under the copyright laws of the United States, 17 U.S.C. § 101 *et seq.*, the trademark laws of the United States, 15 U.S.C. § 1125(a), and under the statutory and common law of trademark, unfair competition, and rights of privacy and publicity.

2.      Because this civil action arises under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and specifically 15 U.S.C. § 1125(a), and the Copyright Act, 17 U.S.C. § 101 *et seq.*, this Court has jurisdiction pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3.      This Court has subject matter jurisdiction over Plaintiffs' California trademark, unfair competition and right of publicity claims pursuant to 28 U.S.C. § 1338(b), in that these claims are joined with substantial and related claims under the Lanham Act and this Court also has supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367(a).

4.      Venue lies in this judicial district pursuant to 28 U.S.C. § 1391 and 1400(a).

## NATURE OF THE ACTION

5.      In this action, Plaintiffs seek injunctive relief and damages for acts of copyright infringement, trademark infringement, false designation of origin, unfair competition, passing-off, and violation of Plaintiffs' rights of publicity engaged in by Defendants Casetagram Limited DBA Casetify, a Hong Kong limited liability company ("Casetify") and DOES 1-10 (hereinafter sometimes collectively referred to as "Defendants") in violation of the laws of the United States and California.

6.      Defendants are promoting and selling through Instagram, the website located at casetify.com, and otherwise, mobile phone cases featuring artwork nearly identical to a well-publicized photograph owned by Plaintiff Shea Marie featuring the images and likenesses of Plaintiffs.  In addition, Defendants' deceptively similar artwork bearing Plaintiffs' likenesses is likely to cause confusion and deception as to the source, association, connection, or affiliation of Defendants' products with Plaintiffs.  Defendants' infringement was and is willful and has caused and continues to cause Defendants substantial injury, warranting a preliminary and permanent injunction, as well as an award of damages.

## THE PARTIES

7.      Plaintiff Shea Marie is an individual residing in Los Angeles, California.

8.      Plaintiff Caroline Vreeland is an individual residing in Los Angeles, California.

9.      Upon information and belief, defendant Casetify is in the business of marketing, distributing, and selling mobile phone cases, tablet computer cases, laptop computer sleeves, and smart watch bands bearing the company's stock images and images supplied by customers.

10.     The true names and capacities of defendants sued herein as DOES 1-10, inclusive, are unknown to Plaintiffs, who therefore sue said defendants by such fictitious names.  Plaintiffs will amend this complaint to allege their true names and capacities when the same are ascertained.

11.     Upon information and belief, DOES 1-10 are alter egos of Defendant Casetify.  Upon information and belief, Casetify has controlled and continues to control defendants DOES 1-10 in all relevant acts alleged herein.

12.     Upon information and belief, at all relevant times mentioned in this Complaint, Defendants, and each of them, were acting in concert and active participation with each other in committing the wrongful acts alleged herein, and

1   were the agents of each other and were acting within the scope and authority of that

2   agency and with the knowledge, consent and permission of one another.

3   **PLAINTIFFS SHEA MARIE AND VREELAND**

4   13.   Shea Marie is a well-known fashion influencer, designer, stylist,

5   creative consultant, TV host, photographer, and model.  She is also the editor of the

6   famous fashion blog/site PeaceLoveShea.com (the "Website").  In conjunction with

7   other social media, Shea Marie reaches over 8 million impressions per day.

8   14.   Shea Marie has collaborated with numerous fashion brands, including,

9   without limitation, Ferragamo, H&M, Guess, and Dior and has contributed to and

10   starred in digital campaigns for Gucci and Dolce & Gabbana, just to name a few.

11   15.   As one of the top fashion tastemakers and influencers in the world she

12   has hosted events alongside some of the biggest names in Hollywood and has

13   appeared in prestigious publications such as Glamour, Marie Claire, Harpers Bazaar,

14   Elle, Cosmopolitan, Allure, People, and more.  (*See* **Exhibit 1** hereto incorporated

15   herein by this reference.)

16   16.   Shea Marie has also collaborated with famous shoemaker Steve

17   Madden to design and launch a new and unique shoe collection known as the "Shea

18   Peace Love X Steve Madden capsule collection."   (*See* **Exhibit 1** hereto

19   incorporated herein by this reference.)

20   17.   For her part, Caroline Vreeland is a well-known actress, fashion

21   influencer, model, singer, and songwriter, and is the great granddaughter of fashion

22   industry icon Diana Vreeland.  She has worked with some of the biggest names in

23   the music and the fashion industry.

24   18.   Vreeland was identified last year by GQ as "THE INSTAGRAM

25   SENSATION YOU NEED TO FOLLOW."

26   19.   She is also in the cast of the new Fox Network series "STAR,"

27   currently on the air and has been featured in the press, including, without limitation,

28   Town And Country, Surface, on numerous occasions as an actress, model, musician,

and fashion influencer.  (*See* **Exhibit 2** hereto incorporated herein by this reference.)

20.    The two have been interviewed, together and separately, by Vogue (which identified them as "two of the most promising new icons of the 2000s"), GQ, Glamour, and Coveteur, and covered by Elle, New York Magazine, and E!, among many others.  (*See* **Exhibit 3** hereto incorporated herein by this reference.)

21.    By virtue of, among other things, Plaintiffs' wide reach on social media and extensive exposure worldwide and much industry acclaim, Plaintiffs have each become well-known and immediately recognizable in the fashion and accessories industries and markets.

## THE COPYRIGHTED PHOTOGRAPH

22.    The duo's calling card – that they are "Best Friends" – is well established, and so much a part of their identity that it is featured in many of the articles that cover the pair, including by Elle and E!.  (*See* **Exhibit 3** hereto incorporated herein by this reference.)  Both of those sites, among numerous others, featured pictures of Marie and Vreeland from behind, taken during Fashion Week in Spring 2016, with the two sporting leather jackets each bearing half of the legend "Best Friend" inside matching halves of a line drawing of a heart.  (*See* **Exhibit 3** hereto incorporated herein by this reference.)

23.    In fact, Shea Marie set up a camera and took her own such photo of the two of them (the "Best Friends Photo").  (*See* **Exhibit 4** hereto incorporated herein by this reference.)  Shea Marie then shared that photograph on Instagram with her over 1 million Instagram followers many of whom "reshared" the photo on their accounts, reaching countless of millions.

24.    Shea Marie has also complied in all respects with the U.S. Federal Copyright Act's registration and deposit requirements, by filing a United States copyright application for registration of the Best Friends Photo.

25.    Shea Marie has been and still is the owner of the entire right, title and interest in and to the Best Friends Photo, and in and to the copyright therein.

26.     As a result of their international fame, the extensive exposure gleaned by Plaintiffs for the Best Friends Photo, and the widespread and wide-ranging media attention attendant their association as "best friends," the relevant consuming public has come to recognize and associate their images in general and the Best Friends Photo, in particular, and other depictions similar to it, as being uniquely associated with Plaintiffs.

27.     Each of the Plaintiffs has been and still is the owner of the entire right, title and interest in and to each of their reputations, likenesses, images, and rights of publicity therein.

28.     The Plaintiffs have been extremely judicious in selecting the goods and services to which they agree to endorse or with which third parties may associate them.  Indeed, the Plaintiffs have expended much effort and money over numerous years in building and promoting their individual reputations and their joint reputation as "best friends," and in building up public recognition and demand for their endorsements and associations with the goods and services of others.  Plaintiffs have built up enviable reputations, both individually and collectively as "best friends" by reason of their extensive media coverage, distinctive styling, and good taste, and for that reason, their images, both separately and together, including, without limitation, the Best Friends Photo, are immediately recognizable and associated in the minds of the public as being associated with goods/services radiating from, sponsored by, and/or associated with Plaintiffs.

**DEFENDANTS' INFRINGING ACTIVITIES**

29.     At the outset, none of the Defendants to this action is licensed or otherwise authorized by Plaintiffs to use, market or distribute products bearing Plaintiffs' images, likenesses, or the Best Friends Photo.

30.     No doubt because of Plaintiffs' celebrity and influence in the fashion industry, purporting to act on behalf of Casetify, in June 2015, Jennie Yoon ("Yoon") reached out to Shea Marie and expressed an interest in working with her

to promote Casetify's sale of Apple Watch bands.  In doing so, Yoon made it clear that Shea Marie's compensation would include a base payment plus revenue sharing.

31.     Not having received a satisfactory response, thereafter on February 8, 2016, Devon Garcia of Casetify contacted Shea Marie through her Same Swim email address, regarding an unspecified opportunity with Casetify.  Shea Marie did not respond.

32.     Shea Marie was then contacted via Instagram by "Jennie" from Casetify (presumably Jennie Yoon), on December 15, 2016, to see if Shea Marie would be interested in what Yoon characterized as partnership opportunities with Casetify.  Again, Shea Marie did not respond.

33.     Plaintiffs are informed and believe that Casetify personnel follow Plaintiffs on, at least, Instagram.

34.     Undeterred, Casetify began marketing cell phone cases bearing the Best Friends Photo and other substantially similar reproductions thereof (the "Infringing Cases").  As shown below, the similarities are striking:

Best Friends Photo                    Infringing Case




35.     As is readily apparent, the Infringing Cases depict both Shea Marie and Vreeland in the same poses as they appear in the Best Friends Photo.  Indeed, by way of example only, on the Infringing Cases, Vreeland (appearing on the left) is even carrying a purse in exactly the same fashion as it appears in the Best Friends Photo, and Marie (appearing on the right), for her part, is depicted with her hair partly tucked under her collar, exactly as she was pictured in the Best Friends Photo. Even their shoes are blurred on the Infringing Cases as they appear in the Best Friends Photo.

36.     As set forth above, even a cursory comparison of the Infringing Cases to the Best Friends Photo demonstrates that the Infringing Cases are slavish copies of the Best Friends Photo.

37.     In view of the wide dissemination and distribution of the Best Friends Photo and the wide public knowledge of their "Best Friends" campaign and reputation, it is obvious that the depiction of that photo on the Infringing Cases is recognized by the consuming public as depicting Marie and Vreeland.  (*See* **Exhibit 3** hereto incorporated herein by this reference.)

38.     In fact, the Best Friends Photo has been so widely distributed and discussed in the fashion industry that consumers have come to associate that photograph uniquely with Plaintiffs.  Because of these facts, consumers would instantly recognize the persons depicted in the Infringing Cases as Plaintiffs.

39.     Defendants' unauthorized use of Plaintiffs' likenesses and images amounts to a deliberate effort to trade on Plaintiffs' individual and collective notorieties and goodwill by conveying the false impression to purchasers that the Infringing Cases originate from, are sponsored by, approved of, or connected to Plaintiffs.  Such use also creates a likelihood of confusion as to the source or sponsorship of Defendants' products and as to Defendants' affiliation or association with Plaintiffs.

40.     Defendants' complained-of conduct misleads consumers by falsely implying that Plaintiffs voluntarily authorized Defendants' use of their personas and likenesses to promote Defendants' goods – uses that Plaintiffs would not have permitted, if at all, absent prior express written approval and substantial compensation.

41.     Defendants' unauthorized uses of the Best Friends Photo violate numerous rights of Plaintiffs, giving rise to various and substantial claims against Defendants, as set forth below.

## FIRST CAUSE OF ACTION

### (Federal Copyright Infringement -- 17 U.S.C. §501)

(By Shea Marie Against all Defendants)

42.     Plaintiff Shea Marie repeats and re-alleges each and every allegation of paragraphs 1 through 35 as though fully set forth herein.

43.     Shea Marie is the owner of Best Friends Photo and all copyrights therein.  The Best Friends Photo constitutes an original work of authorship that may be copyrighted under United States law.

44.     Shea Marie has complied with requirements of Title 17 of the United States Code with respect to the submission of applications for copyright registration of the Best Friends Photo, thereby entitling Shea Marie to assert her rights and privileges in and to the above-referenced copyrighted work.

45.     Subsequent to Shea Marie's authorship of the Best Friends Photo, without her permission, Defendants have copied, imitated, displayed, reproduced, distributed, and created derivative works from the subject matter embodied in the Best Friends Photo in connection with Defendants' manufacture, promotion, and solicitation and acceptance of orders for the sale of the Infringing Cases.

46.     Defendants' acts are in violation of the exclusive rights of the copyright holder to reproduce, distribute, display, and create derivative works from the Best Friends Photo, as articulated in 17 U.S.C. § 106.

47.     Such activities and conduct have caused Shea Marie injury for which she is entitled to recover under 17 U.S.C. § 504.

48.     Upon information and belief, Defendants' wrongful conduct has been willful and malicious and without excuse or justification.  Shea Marie is, therefore, entitled to recover Defendants' profits, and Shea Marie's damages, as well as her costs and attorneys' fees.

49.     Defendants' actions described above have caused and will continue to cause irreparable damage to Shea Marie, for which Shea Marie has no adequate remedy at law.  Unless Defendants are restrained by this Court from continuing their imitation, copying, display, distribution, reproduction and creation of derivative works from the work embodied in the Best Friends Photo, these injuries will continue to occur.  Accordingly, Shea Marie is entitled to preliminary and permanent injunctions restraining Defendants' infringing conduct, pursuant to 17 U.S.C. § 502.

## SECOND CAUSE OF ACTION

### (Trademark Infringement, False Designation of Origin and False Description -- 15 U.S.C. §1125)

(By Plaintiffs' Against All Defendants)

50.     Plaintiffs repeat and re-allege each and every allegation of paragraphs 1 through 41 as though fully set forth herein.

51.     Plaintiffs' individual and joint images and likenesses, including, without limitation, as set forth in the Best Friends Photo, are inherently distinctive or now enjoy, as a result of Plaintiffs' promotion and advertising in interstate commerce of their personas in connection with various goods and services, on information and belief, a secondary meaning whereby consumers and the trade associate and recognize their individual and joint personas as an identification of goods/services emanating from, associated with, sponsored by, and/or approved by Plaintiffs.

52.     Defendants' acts as alleged constitute trademark infringement, false designation of origin, false representation and false description that wrongfully and falsely designate the products sold by Defendants as originating from, sponsored by, approved of, or connected to Plaintiffs, in violation of 15 U.S.C. § 1125(a), all to the substantial and irreparable injury to the public and to Plaintiffs' reputations and goodwill.  Such activities are harming Plaintiffs' abilities to protect the integrity of those authorized products/services associated with them and the goodwill associated with their valuable reputations.  It is the intent, purpose and natural effect of Defendants' conduct that consumers be confused into thinking that Defendants' products emanate from, or are authorized by, Plaintiffs.  The deliberate use of Plaintiffs' well-known images can only be intended to cause the public to believe that Defendants' products are authorized by or emanate from Plaintiffs and to cause the public to associate Defendants' products with Plaintiffs.

53.     Upon information and belief, Defendants' wrongful conduct has been willful and malicious and without excuse or justification.  Plaintiffs are, therefore, entitled to recover three times Defendants' profits, and Plaintiffs' damages, as well as Plaintiffs' costs, attorneys' fees, and investigators' fees.  Because the exact amount of Defendants' unjust profits for all the goods sold through Defendants' use of Plaintiffs' reputations cannot be determined without an accounting, Plaintiffs request an accounting of Defendants' profits for all Infringing Cases sold by Defendants, or other such goods bearing their likenesses, and any confusingly similar reproductions thereof, and the imposition of a constructive trust in favor of Plaintiffs on all profits obtained therefrom.

54.     Defendants' actions described above have caused and will continue to cause irreparable damage to Plaintiffs, unless Defendants are restrained by this Court.  Plaintiffs have no adequate remedy at law.  Accordingly, Plaintiffs are entitled to a preliminary and permanent injunction, pursuant to 15 U.S.C. § 1116, restraining and enjoining Defendants and their agents, servants, and employees, and

1    all persons acting thereunder, in concert with, or on their behalf, from using

2    Plaintiffs' identities, images, likenesses, names, or reputations, including, without

3    limitation, the Best Friends Photo, or any colorable imitations or variations thereof,

4    in connection with the sale and/or marketing of any good/services.

5                        **THIRD CAUSE OF ACTION**

6                   **(Common Law Trademark Infringement)**

7                    (By Plaintiffs Against all Defendants)

8        55.    Plaintiffs repeat and re-allege each and every allegation of paragraphs 1

9    through 41 and 58-60 as though fully set forth herein.

10       56.    Defendants have violated Plaintiffs' exclusive common law rights in

11   their identities and likenesses, e.g., as depicted in the Best Friends Photo.

12       57.    Plaintiffs have continuously promoted their individual and joint

13   likenesses and identities, including their association as "best friends," as set forth in

14   Exhibit 3 hereto incorporated herein by this reference, and as depicted in the Best

15   Friends Photo, to identify goods/services emanating from, associated with, and/or

16   sponsored by Plaintiffs in California and elsewhere.  As such, Plaintiffs have

17   garnered common law rights in their individual and joint images, including in the

18   Best Friends Photo.

19       58.    Defendants' unauthorized activities as alleged herein constitute unfair

20   competition, and are likely to cause confusion and mistake in the minds of the trade

21   and the purchasing public as to the connection to, association with, and/or

22   sponsorship of Defendants' goods and Plaintiffs' good/services.  Defendants have

23   thus committed unfair competition under the common laws of the United States,

24   including the State of California.

25       59.    Upon information and belief, said activities of Defendants alleged

26   herein were and are willful and intentional acts of unfair competition.

27

28

2595084.1

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

60.     As a direct and proximate result, Plaintiffs have suffered injury and harm and will continue to suffer such harm, including money damages, the amount of which Plaintiffs will prove at trial.

61.     Plaintiffs have no adequate remedy at law.  Thus, said activities of Defendants have caused and, if not enjoined, will continue to cause irreparable harm and damage to the rights of Plaintiffs' reputations and good will.

62.     Upon information and belief, Defendants have engaged in their unlawful conduct alleged herein intentionally, maliciously, fraudulently and oppressively, entitling Plaintiffs to punitive and exemplary damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### (California Common Law Unfair Competition)

(By Plaintiffs Against all Defendants)

63.     Plaintiffs repeat and re-allege each and every allegation of paragraphs 1 through 41 and 58-60, 64-65 as though fully set forth herein.

64.     This claim arises under the common law of the State of California relating to unfair competition.

65.     Defendants' Infringing Cases incorporate Plaintiffs' well-known identities and likenesses.  Defendants' unauthorized use of Plaintiffs' identities and likenesses constitutes unfair competition, and is likely to cause confusion and mistake in the minds of the trade and the purchasing public as to the source of Defendants Infringing Cases and to cause purchasers to believe Defendants' Infringing Cases are sponsored by, associated with, approved by, or affiliated with Plaintiffs when in fact they are not.

66.     Upon information and belief, Defendants have intentionally appropriated Plaintiffs' identities and likenesses with the intent of causing confusion, mistake, and deception as to the source of their goods and with the intent of palming off their goods as those of Plaintiffs and to place others in the position to

palm off their goods as those of Plaintiffs.  Defendants have thus committed unfair competition under the common law of the State of California.

67.     By their actions in infringing Plaintiffs' rights in their identities and likenesses, Defendants are improperly trading upon the reputation and good will of Plaintiffs and are impairing Plaintiffs' valuable rights in their identities and likenesses.

68.     Upon information and belief, said activities of Defendants alleged herein were and are willful and intentional acts of unfair competition.

69.     Plaintiffs have no adequate remedy at law.  Thus said activities of Defendants have caused and, if not enjoined, will continue to cause irreparable harm and damage to the rights of Plaintiffs in their identities and likenesses and to their business reputations and goodwill therein.

70.     Upon information and belief, Defendants have engaged in their unlawful conduct alleged herein intentionally, maliciously, fraudulently and oppressively entitling Plaintiffs to punitive damages in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (California Statutory Unfair Competition –
### California Bus. & Prof. Code § 17200, *et seq*.)
(By Plaintiffs Against all Defendants)

71.     Plaintiffs repeat and re-allege each and every allegation of paragraphs 1 through 41 and 58-60, 64-65, 72-76 as though fully set forth herein.

72.     By reason of the foregoing, Defendants have been, and are, engaged in "unlawful, unfair or fraudulent business practices" in violation of California Business and Professional Code Section 17200 *et seq*.

73.     Plaintiffs have no adequate remedy at law.  Thus said activities of Defendants have caused, if not enjoined, and will continue to cause irreparable harm and damage to the rights of Plaintiffs in their identities and likenesses and to their

business reputations and goodwill therein. Defendants' acts complained of herein have damaged and will continue to damage Plaintiffs irreparably. Plaintiffs have no adequate remedy at law for these wrongs and injuries. The damage to Plaintiffs includes harm to their goodwill and reputations in the marketplace that money cannot compensate. Accordingly, Plaintiffs are entitled to a preliminary and permanent injunction restraining and enjoining Defendants and their agents, servants, and employees, and all persons acting thereunder, in concert with, or on their behalf, from using Plaintiffs' identities and likenesses, or any colorable imitation or variation thereof, in connection with the sale and/or marketing of any products. Plaintiffs are further entitled to recover their costs and, in accordance with Cal. Code of Civ. P. §1021.5, their attorneys' fees incurred in bringing and prosecuting this action.

## SIXTH CAUSE OF ACTION

### (Misappropriation of Right of Privacy/Right of Publicity

### California Civil Code §3344)

(By Plaintiffs Against all Defendants)

74.     Plaintiffs repeat and re-allege each and every allegation of paragraphs 1 through 40 as though fully set forth herein.

75.     The conduct of Defendants, as alleged hereinabove, constitutes a violation of Section 3344 of the California Civil Code, due to the knowing and unauthorized use of each Plaintiffs' likenesses for commercial purposes.

76.     As a direct and proximate result of the aforesaid wrongful acts of Defendants, Plaintiffs have been damaged in an amount that is not yet fully ascertainable, but which exceeds the jurisdictional minimum of this Court. When Plaintiffs have ascertained the full amount of their damages, they will seek leave of Court to amend this Complaint accordingly.

77.     Plaintiffs are informed and believe and based thereon allege that Defendants, in doing the things herein alleged, acted willfully, maliciously, and

oppressively, and with full knowledge of the adverse effects of their actions on Plaintiffs, and with willful and deliberate disregard for the consequences to Plaintiffs. By reason thereof, Plaintiffs are entitled to recover punitive and exemplary damages from Defendants in an amount to be determined at the time of trial.

78. Plaintiffs also seek a preliminary and permanent injunction to prohibit Defendants from any further commercial use of Plaintiffs' respective rights of publicity and privacy, including each Plaintiffs' likeness, image, identity and persona.

## SEVENTH CAUSE OF ACTION

### (Misappropriation of Common Law Right of Privacy / Right of Publicity)

(By Plaintiffs Against all Defendants)

79. Plaintiffs repeat and re-allege each and every allegation of paragraphs 1 through 40 as though fully set forth herein.

80. The conduct of Defendants, as alleged hereinabove, constitutes a violation of Plaintiffs' respective common law right of publicity and right of privacy, due to unauthorized use of each of Plaintiffs' identity and persona for Defendants' advantage.

81. As a direct and proximate result of the aforesaid wrongful acts of Defendants, Plaintiffs have been damaged in an amount that is not yet fully ascertainable, but which exceeds the jurisdictional minimum of this Court. When Plaintiffs have ascertained the full amount of their damages, they will seek leave of Court to amend this Complaint accordingly.

82. Plaintiffs are informed and believe and based thereon allege that Defendants, in doing the things herein alleged, acted willfully, maliciously, and oppressively, and with full knowledge of the adverse effects of their actions on Plaintiffs, and with willful and deliberate disregard for the consequences to Plaintiffs. By reason thereof, Plaintiffs are entitled to recover punitive and

exemplary damages from Defendants in an amount to be determined at the time of trial.

83.     Plaintiffs also seek a preliminary and permanent injunction to prohibit Defendants from any further commercial use of Plaintiffs' rights of publicity and privacy, including their respective names, photographs, likenesses, images, identities and personas.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs prays that this Court:

1.     Preliminary and permanently enjoin and restrain Defendants, their agents, servants, employees, successors, licensees, subsidiaries, transferees, representatives, and assignees, and all those in active concert or participation with them, from:

a.     Imitating, copying or making unauthorized use of the Best Friends Photo;

b.     Manufacturing, producing, distributing, or displaying any product bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the Best Friends Photo;

c.     Using a simulation, reproduction, counterfeit, copy or colorable imitation of the Best Friends Photo in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any products;

d.     Using or displaying Plaintiffs' identities and/or likenesses or confusingly similar depictions of either of them, either alone or in combination with other words, phrases, or symbols, in any manner whatsoever.  This includes, but is not limited to, immediately ceasing from any and all further use of the Best Friends Photo on Defendants' goods, web site, promotional

materials, and advertisements and ensuring that any and all of
Defendants' employees or representatives that are using
Plaintiffs' identities and/or likenesses on Defendants' behalf or
under some agreement with Defendants cease such use;

e.    Doing or allowing any act or thing calculated or likely to cause
confusion or mistake in the minds of members of the public or
the trade, or prospective purchasers of Plaintiffs' goods/services,
or likely to deceive members of the public or the trade, or
prospective purchasers, into believing that there is some
association between Plaintiffs' goods/services and the
Defendants' goods/services, including, without limitation, by
using Plaintiffs' separate or joint names, identities, images,
and/or likenesses in connection with any goods or services;

f.    Further infringing Shea Marie's exclusive rights in the Best
Friends Photo or otherwise competing unfairly with Plaintiffs;
and

g.    Further commercial use of Plaintiffs' rights of publicity and
privacy, including their respective names, photographs,
likenesses, images, voices, signatures, identities and personas.

2.    Direct that Defendants are required to pay Plaintiffs such damages as
they have sustained as a consequence of Defendants' infringement of the Best
Friends Photo and trebling of those damages under 15 U.S.C. § 1117;

3.    Adjudge that each of the Defendants, by its unauthorized use of
Plaintiffs' identities/images/likenesses, including without limitation, in connection
with the Best Friends Photo for phone cases, and such other acts as it may have
undertaken relating to Plaintiffs' identities/images/likenesses for, have violated
Plaintiffs' rights under 15 U.S.C. § 1125(a), under California state law, under

1 common law, and that they have done so willfully and for the purpose of violating

2 Plaintiffs' rights and damaging Plaintiffs' goodwill and reputations;

3       4.     Direct Defendants provide Plaintiffs with an identification in writing of

4 any and all entities that are presently using the Plaintiffs'

5 identities/images/likenesses, including without limitation, in connection with the

6 Best Friends Photo, in the United States on Defendants' behalf and inform them that

7 they must immediately cease such use;

8       5.     Direct Defendants to immediately recall any and all merchandise

9 previously provided to any United States person or entity that bears the Plaintiffs'

10 identities/images/likenesses, including without limitation, in connection with the

11 Best Friends Photo;

12       6.     Enter an order, pursuant to 15 U.S.C § 1118, directing Defendants to

13 deliver for destruction all products, decals, stickers, signs, prints, packages,

14 receptacles, wrappers, boxes, and advertisements in their possession or under their

15 control, bearing any unauthorized use of the Plaintiffs' identities/images/likenesses,

16 including without limitation, in connection with the Best Friends Photo, or any

17 simulation, reproduction, counterfeit, copy, confusingly similar likeness, or

18 colorable imitation thereof, and all plates, molds, matrices, programs and other

19 means of making same;

20       7.     Enter an order, pursuant to 17 U.S.C. § 503(a), impounding all of

21 Defendants' products that infringe the Best Friends Photo, as well as any plates,

22 molds, matrices, programs, or other articles by means of which copies of the works

23 embodied in the Best Friends Photo copyright may be produced;

24       8.     Enter an order, pursuant to 17 U.S.C § 503(b), requiring the destruction

25 of all copies of Defendants' products that infringe Shea Marie's copyright in the

26 Best Friends Photo, as well as any plates, molds, matrices, programs, or other

27 articles by means of which copies of the works embodied in the Best Friends Photo

28 may be produced;

9.      That each Defendant provide Plaintiffs in writing with the following information relating to Defendants' goods marketed, advertised, offered for sale, or sold under the Best Friends Photo or any substantially similar copies thereof:

(i)     the name, address and telephone number of each and every United States person or entity to whom Defendants have made available or otherwise provided any such products; and

(ii)    a full accounting as to the precise monetary value of such products made available or provided and the profits recognized by Defendants in connection with such actions;

10.     Direct Defendants to pay Plaintiffs' general and special damages in accordance with proof at trial, together with interest thereon at the legal rate;

11.     Direct Defendants to pay the costs of corrective advertising;

12.     Direct Defendants to pay Plaintiffs' attorneys' fees and costs incurred in initiating and prosecuting this action;

13.     Direct Defendants to pay punitive damages and exemplary damages according to proof; and

14.     For such other and further relief as this Court may deem just and proper.


DATED: February 24, 2017            WOLF, RIFKIN, SHAPIRO,
                                    SCHULMAN & RABKIN, LLP



                                    By:  _____/s/ Mark B. Mizrahi_____
                                         MARK B. MIZRAHI
                                         EDWARD E. WEIMAN
                                    Attorneys for Plaintiffs Shea Petranovic and
                                    Caroline Vreeland

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs hereby demand and request a trial by jury of all issues raised that are triable by jury.

Respectfully submitted,

DATED: February 24, 2017      WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP


By:      /s/ Mark B. Mizrahi
     MARK B. MIZRAHI
     EDWARD E. WEIMAN
Attorneys for Plaintiffs Shea Petranovic and Caroline Vreeland